Nathan Hoffman, Appellee, v. Joseph Jacobson et al., Appellees, and Liberty National Bank of Chicago, Intervening Petitioner, Appellee.
Appeal of William Haber, Appellant.

Gen. No. 39,835.

Heard in the third division of this court for the first district at the December term, 1937. Opinion filed October 26, 1938.

YALE & YALE, of Chicago, for appellant; BERNARD YALE, of counsel.

MAURICE L. DAVIS, of Chicago, for appellee Liberty Nat. Bank of Chicago.

MR. PRESIDING JUSTICE HALL delivered the opinion of the court.

ON REHEARING.

In a proceeding brought for the purpose of foreclosing a mortgage trust deed to real estate and after a decree of foreclosure had been entered, a master's sale of the property was had on December 10, 1936, and William Haber, the highest bidder, became the purchaser at such sale. The master in chancery executed a certificate of sale to Haber, which the master retained in his possession. On March 17, 1937, the Liberty National Bank of Chicago, trustee, and owner of the equity of redemption, redeemed the mortgaged premises from the sale and paid the master the amount of the redemption money. Thereafter, the owner of $3,000 of the bonds, a part of the whole bond issue for which the mortgage being foreclosed was given as security, demanded its portion of the money deposited with the master as redemption money, but the master refused to make the payment without the written authorization of Haber, the purchaser at the sale, which Haber had refused to give. Subsequently, the owner of these bonds filed a petition in the circuit court of Cook county in which it was charged that Haber held title to the certificate of sale, as trustee, for the benefit of all of the bondholders, which the record indicates is

true, and prayed that the court punish Haber for contempt for refusing to authorize the master to turn over the redemption money so deposited with him, to the holders of the bonds, as previously ordered by the court. It appears that Haber, on his own account, as owner of a portion of the bonds, was entitled to $2,382.47 of the total amount of the redemption money. After an order for a rule on Haber to show cause, the court found Haber guilty of contempt and entered a fine of $1,000 against him, to be taken out of his share of the redemption money.

The court subsequently determined that the distribution of the redemption money might be made without the necessity of any act on Haber's part, and the distribution was ordered and made, except as to Haber. Therefore, we conclude that the court was in error in imposing the fine of $1,000 on Haber for refusing to act, and in withholding any portion of the redemption money coming to him.

The order imposing the fine of $1,000 is reversed and the cause is remanded with the direction that the trial court order the payment to Haber of the entire amount of his proportion of the redemption money. Additional points raised are without merit, and the other orders appealed from are, therefore, affirmed.

*Reversed and remanded with directions.*

HEBEL and DENIS E. SULLIVAN, JJ., concur.